## RINALDI v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12426. Decided May 23, 1932

Sexton and Picciano, Cleveland, for plaintiff in error.

P. L. A. Lieghley, Cleveland, and Thomas A. Burke, Jr., Cleveland, for defendant in error.

SHERICK, PJ, MONTGOMERY and LEMERT, JJ, (5th Dist) sitting.

**MONTGOMERY, J.**

This testimony establishes the identity of the accused sufficient to make his guilt a question of fact for the jury. He had denied having taken this automobile and by way of defense attempted to establish an alibi. We cannot say from a reading of the record that the verdict was manifestly against the weight of the evidence.

When Rinaldi was upon the witness-stand, the assistant prosecuting attorney started his cross examination in this manner:

Q. You say that on September 25th you weren't in this Hupmobile sedan in which Sergeant Meier saw you?
A. No, sir.
Q. But you were in a stolen car on September 13th when shots were fired at you?
Mr. Picciano: I object, your Honor, it is very,very unfair.
The Court: Sustain the objection.

This matter was not pursued further and in view of the former action of the court we see nothing in the propounding of the questions which is prejudicial to the rights of the plaintiff in error.

The cross examination continued further testing the credibility of Rinaldi, and he was asked as to statements which it was claimed that he had made during the month of September, 1931, with reference to his age, and he was further asked the question: "Didn't you testify in this court room yesterday?" and the answer was "Yes, sir." And then: "Didn't you admit on cross-examination that you told the detectives in September that you were seventeen?" and the answer was: "Yes, sir."

There was evidence that the accused had on another occasion stated that he was nineteen. This was all proper cross-examination.

Again the assistant prosecutor sought to interrogate the accused as to whether or not he had refused to give any statement to the police officer examining him. To those questions the accused answered that he did not remember, but after three or four such questions had been asked the trial court stated: "I will say this to the jury that every defendant has a right to make or decline to make a statement to a police officer when arrested."

There were no admissions or denials made by the witness. He simply stated that he could not remember, and in any event the statement of the trial court just quoted afforded sufficient protection to the accused in this respect.

We have considered the other errors alleged, but we find nothing in this record prejudicial to the rights of the plaintiff in error and it follows that the judgment of the Court of Common Pleas will be and is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.